IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                                         CRIMINAL ACTION NO. 1:09-cr-00148

KERNEY RAY THORNSBURY,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Motion of the United States to Reduce Defendant's Sentence Pursuant to Rule 35 of the Federal Rules of Criminal Procedure [Docket 92], filed May 31, 2011, and supporting memorandum [Docket 93].

I.

On May 25, 2010, Defendant was sentenced to thirty-three (33) months in prison after he pled guilty to being a felon in possession of ammunition. This sentence was within the sentencing guidelines range of twenty-seven (27) to thirty-three (33) months, for someone with an adjusted offense level of seventeen (17) and a criminal history category of II. His projected release date is November 2011. The United States moves to reduce his offense level to sixteen (16), which would result in a range of twenty-four (24) to thirty (30) months in prison. (Mem. 3.) In support, the Government asserts that Defendant testified for the United States in *United States v. Alphonso Harper* (Crim. No. 2:09-cr-00179) about incidents orchestrated by Harper in which Defendant was

robbed and beaten while housed at South Central Regional Jail. (Mem. 2.) Harper was sentenced to one hundred twenty-one (121) months. (Mem. 2.) The Government asserts that Defendant's testimony was credited by the sentencing judge and that he was cooperative and truthful. (Mem. 2.) The Government further asserts that Defendant has suffered injuries as a result of his cooperation and he could continue to be at risk while incarcerated. (Mem. 3.)

On June 29, 2011, Defendant responded in support of the Government's motion [Docket 94]. He added that his numerous health concerns have not been addressed, despite this Court's recommendation at sentencing. (Resp. 1.) He asserts that the injuries he suffered as a result of his cooperation with the Government were severe, and that upon release he intends to return to his mother's home in Ballard, West Virginia, to serve his three years of supervised release. (Resp. 2.) He requests that he be released immediately, which would reduce his sentence to approximately twenty-nine (29) months, within the range suggested by the Government. (Resp. 3.)

II.

Generally, a judgment of conviction and sentence of imprisonment is a final and unmodifiable judgment. 18 U.S.C. § 3582(b); *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir.2010). Section 3582 dictates that the Court may only modify a sentence if the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 expressly permits the Court to do so. *Id*. § 3582(c). Rule 35 of the Federal Rules of Civil Procedure permits the Court to reduce a sentence for substantial assistance. Fed. R. Civ. P. Rule 35. The Rule states, "Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial

assistance in investigating or prosecuting another person." Rule 35(b)(1). Under Rule 35(b), the Court "may reduce the sentence to a level below the minimum sentence established by statute." Rule 35(b)(4). The fact and length of a Rule 35 sentence reduction is within the Court's discretion.

Defendant's criminal history spans over two decades and includes weapons-related and violent offenses, including manslaughter. He is currently in prison on a conviction of being a felon in possession of ammunition. The ammunition was obtained in connection with a trade he participated in which resulted in his obtaining a .30 caliber semi-automatic rifle. At the time he made this trade, he knew that it was illegal for him to "be around" firearms. (Presentence Investigation Report 7, 8.) At the time of his arrest, Defendant greeted agents at his home with an axe in his hand and initially failed to drop the axe while continuing to approach the agents. He ultimately dropped the axe and submitted to the arrest.

Defendant has served about twenty-nine (29) months of his thirty-three (33) month sentence and now seeks to have his sentence reduced by three (3) months due to his assistance to the Government. The nature of this assistance appears to be solely regarding matters in which he was the victim. While Defendant's safety is of concern, it does not override the Court's original consideration of the sentencing factors, particularly the seriousness of the offense, deterrence and public safety, set forth in 18 U.S.C. § 3553(a). His security in prison is the responsibility of the Bureau of Prisons, and measures other than a sentence reduction are available to ensure his safety from assault while serving his sentence. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (prison officials are responsible for protecting inmates from "violence at the hands of other prisoners").

Having carefully considered the Government's motion and its basis, Defendant's response, and having further reviewed the presentence investigation report, the Court finds that Defendant

should not receive a reduction of his sentence under Rule 35. Accordingly, the Court **ORDERS** that the Motion of the United States to Reduce Defendant's Sentence Pursuant to Rule 35 of the Federal Rules of Criminal Procedure [Docket 92] be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshal.

       ENTER:  August 4, 2011

       *Irene C. Berger*
       IRENE C. BERGER
       UNITED STATES DISTRICT JUDGE
       SOUTHERN DISTRICT OF WEST VIRGINIA